## BURNS v. SOUTHERN RY.

TRESPASSER—CAUSE OF ACTION—RAILROADS—NEGLIGENCE.—A complaint
alleging that a boy, at the invitation of the engineer and conductor,
went into the cab of a material train to ride, used in the construction
of a bridge for raising timbers, and while there the train was run
out on the bridge, and anchored on the track so high from the
ground that the boy could not get out, and as thus situated, a freight
train which was accustomed to stop when approaching the work,
ran into the cab without stopping, and injured the boy, but which
does not allege wanton or wilful injury, states no cause of action
against the railroad for damages for injury to the boy, as he was a
trespasser on the train.

MR. JUSTICE GARY *dissents.*

Before KLUGH, J., Greenville, August, 1901.   Affirmed. ·

Action by John Burns against Southern Railway.   From
order sustaining defendant's demurrer and dismissing the
complaint, the plaintiff appeals, on the following exceptions:

"I. Because his Honor erred in holding: 'The material
train from its nature and use was not intended for the trans-
portation of passengers, and the presumption is that the
plaintiff, not an employee, was there without right.'   This
being a question of fact, and cannot be considered on demur-
rer.

"II. Because his Honor erred in holding: 'The presump-
tion also attaches that the servants in charge of the material
train were not authorized to invite or permit the plaintiff to
ride upon said train.'   This, also, being a question of fact
and not of law, and cannot be considered on demurrer.   This
being a defense, and can only be considered upon the whole
case in a charge to the jury.

"III. Because his Honor erred in holding: 'That the con-
ductor and engineer had no authority to so invite or permit
the plaintiff to ride is presumed, and the complaint fails to
rebut this presumption.'   This, also, being a question of fact
and not one of law.

"IV. Because his Honor erred in holding as follows: 'It

follows that the plaintiff was not in a position to demand the exercise of care on the part of the defendant, and could only recover for a wilful injury, which is not alleged.' This, also, being a question of fact and not one of law, and cannot be considered on demurrer. His Honor should have held that the complaint alleges that the plaintiff is a boy of tender age, and if unlawfully or lawfully upon defendant's train, with the knowledge and consent of the conductor and engineer, and they allowed him to remain there, and he was injured by the careless and negligent act of defendant's agents and servants, the master is liable, and that the complaint states a good cause of action, and should be sustained and the demurrer overruled.

"V. Because his Honor erred in holding: 'It appears, also, that the invitation or permission to ride in the cab was not the proximate cause of the plaintiff's injury while he was in the cab, upon the bridge; the collision occurred by the alleged negligence of the freight train in not stopping before running upon the bridge.' This, also, being a question of fact, and could not be determined on demurrer. And his Honor should have held, that the complaint alleges that the plaintiff was ordered by the conductor and engineer to go into the cab and there remain until they had finished eating, when buckets and dishes would be delivered to him, and while there waiting, the said material train was backed upon the bridge at a point about sixty feet from the ground and anchored to the main line; and the conductor and engineer well knowing that a certain freight train was then due, did negligently and carelessly remain there, well knowing that the defendant, a boy of tender age, was in said cab and could not escape, and remained there until said freight train ran into the cab and caused the injury; the combined negligence of the two trains being alleged in two separate paragraphs, and that the complaint alleges and states a good cause of action, and his Honor should have so held.

"VI. Because his Honor erred in sustaining defendant's demurrer upon the grounds therein alleged; when he should

have held that the matters and things set out in defendant's demurrer to plaintiff's complaint were not germane to the issue, but could only be considered by way of defense to plaintiff's cause of action upon the whole case, after the testimony had been heard. That the demurrer raised no question of law that could be considered on demurrer, and that plaintiff's complaint should have been sustained, and the demurrer dismissed.

"VII. Because his Honor erred in holding: 'That the complaint does not show any actionable negligence on the part of the defendant.'

"VIII. Because his Honor should have held, and overruled the demurrer on the following grounds: (a) That the master is liable for the negligence or tortious act of the servant, if the servant acted not only without express authority to do the wrong, but in violation of his duty to the master. (b) That the basis for liability is that the one who employs another to do an act for his benefit and who has the choice of the agent, mut take the risk of injury to third persons. (c) That if the probable effect of misconduct, either because of the dangerous character of the implements intrusted to the servant or of the exacting nature of his duties, and he handles such implements in a careless and negligent manner and third persons are injured, the master is liable. (d) That the master is liable where the servant misuses a dangerous machine which has been placed in his keeping, and injury is done to third persons. (e.) That the act of a conductor or engineer is the act of the company and is a representative of the master, and that the acts of the conductor or engineer in charge of a train, and there while in charge is the act of the company, and if third persons are injured by negligence, the company is liable, and that plaintiff's complaint states a good cause of action. (f) That when the persons in charge of the train discovers the peril, or are in a position where they ought to have discovered it (a position in which the circumstances, movements or conditions of the persons injured would manifest to a vigilant observer that such person is un-

.aware of his peril, or, if aware of it, is unable to extricate himself), a culpable omission to use the means to hand to prevent the accident will be regarded as reckless or intentional negligence, and his Honor should have held, that this being alleged in terms in plaintiff's complaint, the said complaint should have been sustained and the demurrer overruled. (g) That when negligence is alleged, it is a mixed question of law and fact, and must be submitted to jury under proper instruction from the Court, and, therefore, the demurrer should have been overruled. (h) That it is alleged in the complaint that the plaintiff is a child of tender age, and hence it follows in this class of cases, that the railroad company owes a child, incapable of realizing danger or caring for its own safety, the same measure of duty, the same degree of care, that it owes to dumb animal astray on its track. This raises a question of fact, and the complaint should have been sustained and the demurrer overruled. (i) That a railway company is bound to keep a reasonable lookout for trespassers upon its property, and is bound to exercise such care as the circumstances may require to prevent injury to them, and the plaintiff having alleged that he was upon said train by permission, he was there as a licensee and not a trespasser, and that the defendant owed him higher rights than was due a trespasser; and that plaintiff's complaint must be sustained and the demurrer overruled. (j) That a railroad company is liable in damages for an injury inflicted by it, when its negligence was the direct and proximate cause of the injury. If the direct and proximate cause of the infant's injury was the negligence of the defendant in failing to keep a reasonable lookout and to discover the child in time to have prevented the injury, it is as much liable in damages as if the proximate cause of the injury had been its negligence after discovery. The plaintiff having alleged that he was an infant, and on defendant's train by invitation, and with the knowledge and consent of the conductor and engineer, the complaint should have been sustained and the demurrer overruled."

4—63

*Mr. C. J. Hunt,* for appellant, cites: *As to the liability of . the principal for the acts of his agent:* 21 Am. Rep., 597; 27 L. R. A., 162; 2 Hill, 344; 4 Daly, 314; 98 Mass., 577; 76 N. Y., 593; 87 Ia., 488; 25 S. C., 446; 23 S. C., 528. *Duty of railroads to children:* 25 S. C., 24; 7 Ency., 2 ed., 405; 36 W. Va., 173; 52 S. C., 323; 10 Rich., 231; 2 Wood Railways, 1263; 60 Am. Rep., 145; 33 Md., 542; 54 Tex., 615; 27 Conn., 593; 58 S. C., 70, 143; 47 S. C., 148.

*Mr. T. P. Cothran,* contra, cites: *As to the.negligence of the defendant's agents in permitting the boy to ride on the train:* 54 S. C., 506; 51 S. C., 301; 38 S. C., 282; 58 S. C., 493; 2 Wood Ry., 1435; Bish. in Non-Contract Law, sec. 41; 17 Fed. R., 671; 72 Mo., 62; 45 N. E. R., 802; 57 N. Y., 382; 23 S. C., 541; 21 N. E. R., 311; 27 L. R. A.; 190; 60 Mo., 413; 91 Penn. St. R., 458; 36 N. E. R., 272; 19 A. & E. R. R. Cas., 231; 27 L. R. A., 173; 6 Tex. Civ. App., 702; 9 Ill. App., 632; 41 Am. Rep., 567. *Nor can the youth of the plaintiff affect the question:* 69 Pa. St., 210; 23 S. C., 540; 17 Fed. R., 678; 3 Elliott on R. R., sec. 1255. *Plaintiff being on the train as a trespasser, defendant owed him no duty except to do him no wanton or wilful injury:* 70 Miss., 437; 57 S. C., 243.

March 7, 1902.    The opinion of the Court was delivered by

MR. JUSTICE POPE.    The defendant demurred to plaintiff's complaint.    The demurrer was sustained by his Honor, Judge Klugh, and the complaint was dismissed.    After judgment was entered, plaintiff appealed.    To properly understand the case the complaint must be embodied herein; also the grounds of demurrer and the order of the Circuit Judge, and the exceptions also.    The following is a copy of the complaint, omitting the caption:

"The plaintiff above named, by his guardian *ad litem,* L. E. Burns, respectively shows to the Court and alleges:

"I.    That the said defendant, Southern Railway Company,

is a corporation duly incorporated by and under the laws of the State of Virginia, owning and operating railroads and running trains of cars over said railroads in State and county aforesaid, and having property and a place of business in said State and county, and are entitled to sue and be sued in the Courts of this State; that said defendant is a common carrier, and operates a railroad from the State of Virginia through Spartanburg and Greenville counties, State aforesaid, to the city of Atlanta, in the State of Georgia, running and operating passenger, freight and other trains over said railroads, as aforesaid, for hire and for accommodation of the public travel, to and from the city of Atlanta, State of Georgia, to the State of Virginia, through South Carolina by the city of Greenville and through the counties of Greenville and Spartanburg, in said State.

"II. That on the 30th day of December, 1899, and for some time previous thereto, the defendant was engaged in the construction and repair of a new bridge at and across South Tiger River, about one mile from Duncan's station, in Spartanburg County, the same being a bridge owned and used in crossing the aforesaid river by defendant's main line of railroad; and at the same time and place the defendant was using a material or work train in said construction and repairs, whose custom it was to carry out over defendant's track and upon said bridge across said river, heavy timbers and other material; and at a point some sixty feet high from the ground, by means of an engine, rope, block and tackle, lowered and raised heavy timbers and other material used in the construction and repair of said bridge across said river, over which regular trains of cars of the defendant passed at regular hours going and coming, carrying freight and passengers over said bridge on defendant's main line, which custom defendant's agents and servants well knew. That at about 2.30 o'clock in the afternoon, it was the custom of the defendant to run one of its freight trains, known as the north bound fast freight, over and along its track and over said bridge at South Tiger River, and the defendant's agent

and servants in charge of said freight train, well knowing that said bridge across South Tiger River was then being repaired and that said material train as aforesaid was being used at and upon said bridge on the main line of the defendant, and that it was the custom and the duty of defendant's agents and servants to stop said freight train on the main line at a point just south of said river and bridge before attempting to cross said bridge. That although the agents and servants of defendant in charge of said freight train well knew of the said work and dangerous condition of things surrounding said bridge across South Tiger River, as aforesaid, and the use of a material train aiding in the construction and repair of said bridge on defendant's main line, did carelessly and negligently, and without taking the proper precaution to stop said freight train, did carelessly and negligently and recklessly run said freight train down the railroad track of the defendant at a high and reckless rate of speed, and instead of its being brought to a stand still on the south side of the bridge, as was the custom and practice since the new bridge has been under construction and repair, the said freight train dashed across the river and over said bridge at a high and reckless rate of speed, caused by the carelessness and negligence of defendant's agents and servants, and the said engine and train of cars went with a fearful crash into the material train, which was then on the main line, anchored and tied to the main track on the said bridge, then engaged in lifting heavy timbers and other material necessary in the construction of said bridge; and while so anchored and on the main line as aforesaid, the said freight train ran into the cab of the said material train with terrific and murderous force, striking this plaintiff on the head and hips, and otherwise injuring him, from which said injury this plaintiff has never recovered.

"III. That on the said 30th day of December, 1899, a short while before the accident occurred, as aforesaid, this plaintiff went to the works at the said bridge across the South Tiger River for the purpose and did carry dinner to W. C.

Crumley, conductor, and a Mr. Black, the engineer of said material train then engaged in the construction and repair of said bridge; that this plaintiff failing to find the aforesaid parties at the said bridge, proceeded with said dinner to Duncan's station, about one mile away, where he found the aforesaid parties in charge of said material train, and then and there delivered dinner to the above named parties as per their order—they at that time taking meals with the plaintiff's mother; that at the same time and place the said conductor and engineer told this plaintiff to go into the cab of said material train and there wait until buckets and dishes were delivered to him after they got through eating their dinner, and at the same time told this plaintiff that he could ride on the said material train; and while this plaintiff was waiting in said cab for buckets and dishes, the said material train, without any warning to this plaintiff, backed down the railroad to the works at South Tiger and out on the bridge at a point sixty feet from the ground, at a point on said bridge where this plaintiff could not get off of said material train, and was at this point tied or anchored to the main line when the aforesaid freight train approached and ran into the cab where this plaintiff was unable to escape by any possible means, and was forced to remain in said cab and take the consequences of the awful crash of the great engine plowing into said cab, striking this plaintiff on the head and hips and otherwise injuring and bruising him about the body, from which said injury this plaintiff has never recovered. That although the said conductor, engineer, agents and servants of the defendant well knew that the aforesaid freight train was then about due, and would soon pass over said bridge, did carelessly and negligently, and without having any regard for the plaintiff, run said material train out upon the aforesaid bridge, and did carelessly and negligently remain there upon the main line of the defendant until the said freight train was due and was then approaching at a high rate of speed, before the said agents and servants of the defendant made any effort to get out of the way of said freight train,

well knowing the dangerous and perilous position of this plaintiff.

"IV. That this defendant was upon said material train by the special permission of the conductor and engineer in charge of said material train, and that in addition to the privilege granted this plaintiff by the agents and servants of the defendant aforesaid, this plaintiff bought apples and gave to said agents and servants, and upon so doing was told that he could ride at any time he saw fit to do so.

"V. That this plaintiff is a boy of tender age, which was well known to the agents and servants of the defendant's in charge of said material train, and notwithstanding this, they did negligently and carelessly permit and allow this plaintiff to get upon said material train and ride, well knowing the dangerous and hazardous work the said material train and its crew was then engaged in, and well knowing that the aforesaid freight train was then about due; but notwithstanding this, the said agents and servants of defendant did negligently and carelessly run said material train out and upon aforesaid bridge at a point about sixty feet from the ground, well knowing that this plaintiff was in said cab, and at a point where he could not escape, and while there the accident occurred as aforesaid, by the carelessness and negligence of the defendant's agents and servants.

"VI. That this action is brought by the plaintiff through his guardian *ad litem,* who was appointed by an order of the clerk of this Court on the 27th day of February, 1901. That said action is brought for the sole benefit of this plaintiff. That the damages resulting to this plaintiff by reason of the aforesaid injury amount to $1,995.

"Wherefore, the plaintiff demands judgment against the defendant for the sum of $1,995, and for the costs of this action."

To this complaint the defendant interposed the following demurrer:

"The defendant demurs to the complaint of the plaintiff herein upon the ground that it does not state facts sufficient

to constitute a cause of action, in that: 1. It appears upon the face of the complaint that the train upon which the plaintiff was permitted to ride was a material or work train, whose business it was to carry out over defendant's track and upon the bridge across South Tiger River heavy timbers and other material, and said train was there to be used in the repair of said bridge; that said train was not used in the transportation of passengers; that it does not appear from the complaint that the agents of the defendant in charge of said train were authorized to permit and encourage strangers to ride thereupon; that said agents were not so authorized; that, therefore, the defendant owed no duty to the plaintiff except to refrain from wantonly injuring him, of which there is no allegation in the complaint, and is not liable for the negligence of its agents in the premises.

"2. That the defendant company is liable for the tortious acts of its agents only when the act causing injury is done in the line of the servant's duty and within the scope of his employment, and that the complaint is defective, not only in failing to set forth within this rule, but in stating facts showing that the injury resulted from the unauthorized acts of defendant's agents or servants.

"3. That the complaint does not show any actionable negligence on the part of the defendant."

Upon hearing the demurrer, Judge Klugh passed the following order:

"The defendant interposed a written demurrer to the complaint upon the grounds therein stated. A plaintiff who grounds his action upon one allegation of negligence of the defendant, must show not only that the conduct of which he complains was negligent in character, but that it was violative of some duty which was owing to him. The complaint alleges that the plaintiff was permitted by the conductor and engineer to ride in the cab of the material train which was employed in repairing a high bridge, and that while in the cab of this train it was run into by a freight train on the bridge. The material train, from its nature and use, was not

intended for the transportation of passengers, and the presumption is that the plaintiff, not an employee, was there without right. The presumption also attaches that the servants in charge of the material train were not authorized to invite or permit the plaintiff to ride upon said train. The master is liable for the negligence of his servants only while he is acting within the scope of his agency. That the conductor and engineer had no authority to so invite or permit the plaintiff to ride, is presumed, and the complaint fails to rebut this presumption. It follows that the plaintiff was not in a position to demand the exercise of care on the part of the defendant, and could only recover for a wilful injury, which is not alleged. It appears, also, that the invitation or permission to ride in the cab was not the proximate cause of the plaintiff's injury. While he was in the cab upon the bridge, the collision occurred by the alleged negligence of the freight train in not stopping before running upon the bridge. For these reasons and upon the grounds stated in the demurrer, it is ordered, that the demurrer be sustained, and that the complaint be dismissed with costs."

From this order of Judge Klugh, as before stated, the plaintiff has appealed on numerous exceptions, which should be included in the report of this case. We will now dispose of them. It will be observed that all the exceptions are intended to show that the Circuit Judge committed reversible error in sustaining the demurrer, whose sole purpose was to show that the complaint failed to state facts sufficient to sustain a cause of action against the defendant. It must be borne in mind that the complaint does not allege that the plaintiff's injuries, received by him while in the cab of defendant, were the result of wantonness or wilfulness on the part of the defendant to him. It appears that there was no contractual relation existing between the plaintiff and defendant, the plaintiff was not an employee of the defendant, he was not a passenger for hire on defendant's railroad train. In addition to this, it is not alleged that the defendant used this train upon which plaintiff rode for any other purpose

than to carry material to its new bridge over the South Tiger
River, and to hoist and lower the said material into its place
in the construction of its said bridge.    Nor does it appear in
the complaint that the conductor and engineer of said ma-
terial train were allowed or authorized by the defendant rail-
road to allow any one of the general public to ride upon said
train.    Indeed, the allegations of the complaint determined
that the plaintiff well knew the object and character of de-
fendant as to said material train.    What relation, we may
ask just here, did this plaintiff sustain to the defendant, if he
occupied its cab attached to its material train, when he went
into its cab by permission of the conductor and engineer of
said material train, without the permission or authority of
said agents to so invite the plaintiff into defendant's said cab?
He was a trespasser.    It is true, he could say, in defense of
such trespass, that the same was with knowledge of defend-
ant's agents.    But when, as such trespasser, the plaintiff
seeks to hold the defendant to answer in damages for any
injuries received by him while occupying the cab attached to
the defendant's said material train, he must stand or fall
upon the question of the conductor's or engineer's power and
authority to allow him to so occupy said cab.    Was the
power to allow the plaintiff to so ride, within the agency ex-
isting between the conductor and engineer on the one side
and the defendant railway on the other side?    There is no
allegations in the complaint showing that any such agency
existed; on the contrary, by its allegations, the complaint,
when strictly construed, denies such agency.    Then, if plain-
tiff was a trespasser upon the defendant's railway train, the
only duty the defendant owed him was not to wantonly or
wilfully to injure him.    This doctrine of our law is well es-
tablished; for in the case of *Darwin* v. *R. R. Co.,* 23 S. C.,
at page 540, it is said: "But to a trespasser the company
owes no such duty.    The company is not bound to assume
or even except that trespassers will intrude themselves into
dangerous places upon their trains, and is, therefore, under
no obligations to provide for their safety by warning them of

the danger of their unlawful and reckless acts." And, also, in the case of *Smalley* v. *R. R. Co.,* 57 S. C., at page 251, the same doctrine is upheld. Any other doctrine, it seems to us, would impose an unnatural care and responsibility upon railroads. They are organized for wise purposes and should respond to the duty they owe the public, but to impose upon them the burden of a quasi guardianship of all infant trespassers who ride in cabs or other cars not intended for passengers to occupy, is extending the rule too far.

The *first* exception must be overruled. It is the duty of the Circuit Judge, upon demurrer being interposed, to pass upon the sufficiency of the facts alleged in the complaint to sustain the plaintiff's alleged cause of action.

The *second* exception must be overruled. The Circuit Judge was brought face to face with the failure in the complaint to allege that the conductor and engineer of a material train, devoted, as alleged by the complaint, to specific purposes, had any authority from defendant to invite persons to take free rides in the cab attached to a material train. His duty was plain, and he met it.

The *third* exception is overruled, for the reasons just given.

The *fourth* exception must also be overruled. The Circuit Judge held that the allegations of fact in the complaint made the plaintiff a trespasser on defendant's train. He simply declared the law applicable to such facts.

The *fifth* exception is overruled. The Circuit Judge, in testing the question as to the cause of action of plaintiff as based upon the allegations of fact in the complaint, plainly saw, and so stated, that plaintiff being in the cab by permission of conductor and engineer, was not the proximate cause of his injuries.

The *sixth* exception must be overruled. A reading of the demurrer itself shows its aim was to point out the failure to state facts sufficient to sustain a cause of action. The Circuit Judge met this view and sustained the demurrer.

The *seventh* exception is overruled; it is too general.

The *eighth* exception in all its subdivisions is overruled. It would be a monstrous doctrine to hold a railroad liable for injuries to trespassers except upon the ground of wanton or malicious or wilful disregard of the claims of humanity by such railroad. There are no allegations of fact in the complaint upon which to bottom either a wanton, wilful or malicious disregard of any duty owed by defendant to plaintiff. (a) This subdivision falls under the class of duties not owed by the defendant itself or by its agents. (b) The employee fails to come under this provision of the law. (c) There is no liability of defendant under this subdivision. (d) There is no application of this doctrine of the law to the facts in the complaint. (e) The act of an agent can only be imputed to the principal when such act falls within the scope of authority given the servant by the principal. In the case at bar, no such responsibility by the master exists. (f) The allegations of fact in the complaint produce no such case as is set out in the subdivision. (g) The allegations of fact show no negligence, an entire absence of negligence by the defendant. Hence this subdivision is unsupported. (h) The proposition of law stated in this subdivision is unsupported by the allegations of fact in the complaint. (i) There is no doubt but that the defendant owes some duty to trespassers upon its track or in its cars, but we have already indicated the extent of that duty. (j) The allegations of fact in the complaint fail to make out a case where the provisions of law set out in this subdivision can be made to apply.

It follows, therefore, from our examination of these exceptions that they must all be overruled and the demurrer sustained, as recommended by the Circuit Judge in his order.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

MR. JUSTICE GARY *dissenting.* The principal is liable *civiliter* not only for the authorized acts of its agents but likewise for those acts which he does in the exercise of the pow-

ers conferred on him—*Reynolds* v. *Witte,* 13 S. C., 5; *Skipper* v. *Mfg. Co.,* 58 S. C., 143. When the conductor told the plaintiff to go into the cab of the material train, he was in the exercise of his duties as conductor, and the defendant is responsible for his acts. The plaintiff is of tender years, he went to the railroad train for a lawful purpose and entered the cab by permission of the conductor. Under these circumstances he was not a trespasser—*Sims* v. *Steadman,* 62 S. C., 300. I, therefore, dissent.