13388

ROADBUILDERS' HAULING COMPANY v. CONSTITUTION INDEMNITY CO. OF PHILADELPHIA

(163 S. E., 837)

. *Messrs. Tobias & Turner* and *L. A. Wittkowsky,* for appellant,

*Mr. W. L. DePass, Jr.,* for respondent,

April 19, 1932.

The opinion of the Court was delivered by Circuit Judge W. H. TOWNSEND, ACTING ASSOCIATE JUSTICE.

This is an appeal from a judgment in favor of plaintiff Roadbuilders' Hauling Company, assured, on an automobile liability insurance policy issued by defendant company, with reference to an automobile, used by the plaintiff and his servants in the transportation of materials and merchandise under a contract with the Carolina Contracting Company.

There was evidence tending to show that Willie Truesdale, a day laborer employed by the Carolina Contracting Company, when at work on a state highway, was injured in the wreck of the automobile while being driven by the driver and servant of the Roadbuilders' Hauling Company. The driver of the truck permitted Truesdale and other day laborers working on the highway to ride on the truck to and from their place of work. Neither the Carolina Contracting Company nor the Roadbuilders' Hauling Company contracted to furnish the laborers such transportation, nor was either of the companies paid any compensation or hire therefor.

The defendant denied liability under the policy. Truesdale recovered a judgment against the Roadbuilders' Hauling Company which has not yet been paid.

The policy provided that the automobile would not be rented to others or used to carry passengers for a consideration.

The Judge construed this provision to mean: "It will not be rented to others to carry passengers for a consideration or used by themselves to carry passengers for a consideration."

To this appellant excepts, and now calls attention to a further provision in the policy, that the company shall not be liable under this policy for "(e) accidents occurring while automobiles are let out for hire; (f) accidents suffered by any person or persons who are to be, are being or have been carried for a consideration actual or implied."

In his charge the Judge instructed the jury:

"The defendants allege the plaintiff violated the terms of the contract of insurance (1) because they rented their trucks to the Carolina Contracting Company, and (2) because they used their trucks in hauling passengers for consideration, contrary to the provisions of the policy.

"I charge you that this contract between the Hauling Company and the Carolina Contracting Company is not a contract of rent. * * * There is parol evidence that there was another contract in parol by which the Contracting Company was to have the use of these trucks of the Roadbuilders' Hauling Company for $2.50 per hour for miscellaneous purposes.

"Now, I charge you that if the Roadbuilders' Hauling Company rented those trucks under this $2.50 per hour contract to the Contracting Company, then, they violated the terms of this insurance policy and could not recover under it.

" * * * I charge you further that if under that Contract, the parol evidence of which you have heard they used those trucks for the transportation of persons or passengers for a consideration, and that violation of the contract re-

sulted in the injury to Willie Truesdale, then the plaintiff is not entitled to recover under this contract."

The above extract from the charge shows that issues appellant attempts to raise in the third, fourth and fifth exceptions were properly submitted to the jury, which found no violation.

The appellant excepts to the refusal of a nonsuit and direction of verdict, and claim that the plaintiff "rented" out the automobile. To "rent" is to secure the possession and use of a thing for a consideration or hire. Standard Dictionary. "By the contract of hire, the hirer acquires a qualified property in the thing hired." *Id.*, citing 2 Parsons, Contracts (Ed. 1873), 128. The evidence failed to show as a necessary inference that the automobile in question was rented or let out by the plaintiff. It was used by plaintiff in hauling for hire material to be used in constructing a highway; but in so doing plaintiff used its own servant, and never parted with the custody, possession, or management of the automobile. The evidence showed no bailment, "renting," or "letting out" within the meaning of the policy. *O'Brien v. Bound,* 2 Speers, 498, 500, 42 Am. Dec., 384.

Nor did evidence necessarily show that, when injured, Truesdale was a passenger on the truck for hire. The evidence was at least conflicting. See *Dorwin v. Charlotte, C. & A. R. Co.,* 23 S. C., 531, 55 Am. Rep., 32; *Burns v. So. Ry. Co.,* 63 S. C., 46, 40 S. E., 1018.

Under the seventh exception, appellant questions plaintiff's right to recover against it, before paying the outstanding claim. This is overruled under the authority of *Walker v. New Amsterdam Casualty Co.,* 157 S. C., 381, 388, 154 S. E., 221.

The judgment of this Court is that the judgment appealed from be affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER concur.