13851

LAWSON v. DUNCAN

(174 S. E., 495)

*Messrs. J. Gordon Hughes* and *Lyles & Daniel,* for appellant,

*Messrs. Barron, Barron & Walker* and *Nicholl, Wyche & Russell,* for respondent,

May 15, 1934.

The opinion of the Court was delivered by MR. JUSTICE CARTER.·

This action, commenced in the Court of Common Pleas for Union County, November 17, 1931, is a suit on the part of the plaintiff, Archie Lawson, by his guardian *ad litem,* W. F. Lawson, against the defendant, J. L. Duncan, for recovery of damages for personal injuries alleged to have been sustained while he was riding in a trailer of a truck owned by the defendant, caused by alleged negligence, recklessness, willfulness, and wantonness of the defendant, in the particulars set forth in the complaint. Issues being joined the case was tried at the January, 1933, term of said Court, before his Honor, Judge T. S. Sease, and a jury, resulting in a verdict for the defendant by direction of the Court. In due time the plaintiff moved in said Court for a new trial, which was granted. This appeal on the part of the defendant is from the order granting a new trial.

The appellant imputes error to the trial Judge under five exceptions, as follows:

"1. In granting the new trial, the Court was controlled by the theory. that any violation of a statute is evidence of wilfulness (or creates a presumption of wilfulness), and that such wilfulness is the presumptive proximate cause of injury, whereas, it is submitted that a violation of one of the manifold regulations imposed by statute or ordinance upon the operation of motor vehicles on· the highways has not been shown by experience to evidence wilfulness, and can not be presumed to have proximately caused the injury or damage.

"2. That evidence affirmatively showed that the defendant was not present at the time of the accident, and that his driver was not authorized to carry passengers, gratuitously or for hire; that the plaintiff solicited a ride from the driver; that, in permitting him to ride, the driver was acting beyond the scope of his authority, and, therefore, the defendant could

not be held for a tort committed by his employee, outside the scope of his employment.

"3. The evidence affirmatively showed that plaintiff was a guest of the driver, Childers, who had no authority to give the plaintiff the status of guest of defendant; therefore, even had Childers been heedless, he could have made only himself liable to the plaintiff, and not the defendant.

"4. The plaintiff's witness testified that they thought the collision was caused because of the excessive speed of the negro car, and that it was not the fault of Childers; therefore, there is a failure of evidence tending to show actionable negligence or wilfulness on the part of the defendant, operating as a proximate cause of plaintiff's injury.

"5. In granting a new trial, the Court presumed wilfulness on the part of the defendant from the alleged violation of the speed regulation, and, without any other evidence to support the inference, based on that a presumption of proximate cause, or rather, he held that a jury would be warranted in presuming wilfulness from violation of traffic laws, and, on that presumption to mount the further presumption that the violation was the proximate cause of the injury."

In the order issued by the trial Judge, granting a new trial, which order will be incorporated in the report of the case, will be found a clear statement of the case and presentation of the issues involved, of fact and law; and for the reasons assigned by his Honor in said order, we think his Honor very properly granted a new trial in the case. As stated by his Honor in discussing the case, the case is controlled by the principle declared in the case of *Burns v. Southern Ry.,* 63 S. C., 46, 40 S. E., 1018, and the case of *Jenkins v. Southern Ry.,* 152 S. C., 386, 150 S. E., 128, 66 A. L. R., 416. If the driver of the truck, acting in the scope of his agency, was authorized to invite the plaintiff to ride on the truck, and the plaintiff got upon the truck in response to an invitation extended by the driver, the defendant would be liable to the plaintiff for any injury received, due to the

negligence of the driver as a proximate cause thereof; but if the driver of the truck, though regularly employed by the defendant for that purpose, without authority to invite the plaintiff to ride on the truck, did, nevertheless, extend such invitation to the plaintiff and the plaintiff got upon the truck in response to such invitation, he would not be an invitee but a trespasser thereon, and the defendant could be held only for the willfulness of the driver, resulting in injury to the plaintiff as a proximate cause thereof. In our opinion the trial Judge was right in holding that the testimony required the submission of the case to the jury on the issue of willfulness of the driver, resulting in injury to the plaintiff as a proximate cause thereof.

In regard to the contention of the appellant, that in granting the new trial, the Court was controlled by the theory that any violation of a statute is evidence of willfulness (or creates a presumption of willfullness), and that such willfulness is the presumptive proximate cause of injury, we wish to state we do not so construe the language used by his Honor in said order. Whether the violation of a statute, in such cases, is evidence of willfulness, is a fact or issue to be considered in connection with all of the other facts and circumstances surrounding the case, and if more than one inference can reasonably be drawn from the testimony in the case on this issue, it is, of course, a matter for the jury to determine.

In our opinion a jury question was raised by the testimony on the issues involved. It is, therefore, the judgment of this Court that the order of the Circuit Judge in granting a new trial be and the same is hereby affirmed.

NOTE: Let the order of the Circuit Judge be incorporated in the report of the case.

MR. CHIEF JUSTICE BLEASE, MESSRS. JUSTICES STABLER, and BONHAM and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.