16430

OSWALD v. WEINER *ET AL.*

(62 S. E. (2d) 311)

*Messrs. Edgar L. Morris* and *Emmet B. Gresham,* of Columbia, *for Appellants,* 

*Messrs. Norbert A. Theodore* and *William Elliott,* of Columbia, *for Respondent,* 

*Messrs. Edgar L. Morris* and *Emmett B. Gresham,* of Columbia, *for Appellants,* in reply, 

November 15, 1950.

STUKES, Justice.

This appeal relates to demurrer to the complaint by the defendant, David Weiner. The complaint alleged that he was the owner of an automobile which was operated for the purposes of his business by the other defendant who was demurrant's brother and agent. The latter invited plain-

tiff's intestate, who was her daughter, to ride with him on a business trip. In the course of it he operated the automobile negligently, willfully, wantonly, recklessly and unlawfully, in specified particulars, whereby the automobile and a railway train were in collision, and the intestate received fatal injuries. It was further alleged that demurrant knew that the other defendant, his agent, was a reckless and heedless automobile driver, having been convicted many previous times of violations of traffic laws, had been involved in accidents and his driver's license once suspended, despite which knowledge demurrant allowed his brother to drive his automobile in furtherance of demurrant's business. The prayer was for $100,000.00, actual and punitive damages against both defendants.

The demurrer was upon several grounds, all of which were overruled, as was a motion to strike certain allegations of the complaint, from which both defendants appealed. However, only one of the grounds was discussed in the brief and it alone will be considered. It affects only David Weiner, who is in fact therefore the sole appellant. He has argued a single question, viz., Does the complaint state a cause of action against him? The contention is that the automobile guest statute serves to relieve a master or principal from the ordinary burden of liability under the rule of *respondeat superior.*

The statute is now Section 5908 of the Code of 1942, as follows:

"No person transported by the owner or operator of a motor vehicle or airship as his guest without payment for such transportation shall have a cause of action for damages against such automobile or airship, its owner or operator for injury, death or loss, in case of accident unless such accident shall have been intentional on the part of said owner or operator or caused by his heedlessness or his reckless disregard of the rights of others.

"This section shall not relieve a public carrier, or any owner or operator of a motor vehicle while the same is being demonstrated to a prospective purchaser of responsibility for any injuries sustained by a passenger being transported by such public carrier or by such owner or operator."

Appellant admits in argument the novelty of his ▮ position and that there is no decided case supporting it. We consider it entirely untenable. The obvious purpose of the enactment was to deny a guest a right of action for simple negligence and require for liability more than that. Reference to the original act, No. 659 of 1930, 36 Stat. 1164, and the decisions of this court construing it all point to the single object and there is no indication of legislative intent to alter the prior existing law of *respondeat superior*. Similar legislation is well nigh universal. 5 Am. Jur. 632, 633, Automobiles, sec. 237. From the latter we quote: "The so-called 'guest' statutes are designed to relieve the owner of the consequences of ordinary negligence to his guest. * * * Such statutes should not be extended by construction beyond the correction of the evils and attainment of the objects sought by them." See *Fulghum v. Bleakley*, 177 S. C. 286, 181 S. E. 30, and *Cummings v. Tweed*, 195 S. C. 173, 10 S. E. (2d) 322.

The following cases, also decided under our guest statute, involved unchallenged application of the principle of *respondeat superior: Ralls v. Saleeby*, 178 S. C. 431, 182 S. E. 750; *Spurlin v. Colprovia Products Co.*, 185 S. C. 449, 194 S. E. 332; and *Peak v. Fripp*, 195 S. C. 324, 11 S. E. (2d) 383.

Passage of the guest statute here was of little, if any, effect upon the situation which is the premise of appellant's position. In the case of *Lawson v. Duncan*, 173 S. C. 34, 174 S. E. 495, which was decided without reference to the guest statute, it was held, quoting the second and third syllabi of the S. C. report:

"If defendant's truck driver acting in scope of agency was authorized to invite plaintiff to ride and plaintiff got on truck in response to invitation, defendant was liable to plaintiff for any injury due to driver's negligence.

"If truck driver, though regularly employed by defendant to drive, without authority to invite plaintiff to ride, did invite plaintiff and plaintiff got on truck in response to invitation, he was a trespasser, and defendant was liable only for driver's willfulness resulting in injury to plaintiff as proximate cause."

The foregoing accords with the general rule in other jurisdictions. The following is from 5 Am. Jur. 730, Automobiles, Sec. 394: "In the absence of authority on part of the driver to invite or permit others to ride, the only duty which the employer owes to one invited or permitted to ride is to avoid a wanton or willful injury to him; such a person is not a licensee of the employer. However, one riding in an automobile with the permission of a servant is not, according to the weight of authority, deprived of all recourse against the master for an injury sustained, though the servant, in granting the permission, is not acting within the scope of his employment, or is not clothed by the master with the apparent authority to grant it. In the case of such an unauthorized permission to a third person to be on the vehicle, it is generally held that although the master is not required to exercise the same degree of care as where the permission is authorized actually or ostensibly, he is nevertheless liable for a wanton, willful, or reckless injury inflicted on the third person by a servant who is acting within the scope of his employment."

A wealth of foreign cases on the subject may be found by reference to the annotation in 65 A. L. R. 952, the earlier annotations there cited, and the "Blue Books" of supplemental decisions of that series.

Appellant points out that it is not alleged in the complaint that he had authorized the other defendant, his agent, to take the decedent to ride in his automobile; however, appellant does not rely in argument on this but on the bald position that he is not liable under the statute because he did not personally, willfully bring about the death of decedent. Hence it is unnecessary to now consider the absence of such an allegation. The other facts alleged in the complaint are sufficient to support recovery under either of the rules stated above from *Lawson v. Duncan*. We find nothing in the provisions of the guest statute which impinges upon the authority of *Lawson v. Duncan*, which disposes of the appeal.

The order excepted to is affirmed, with leave to defendants to serve answer to the complaint within ten days after the remittitur is filed in the circuit court.

BAKER, C. J., TAYLOR and OXNER, JJ., and L. D. LIDE, Acting Associate Justice, concur.