16781

**BAILEY v. SEYMORE ET AL.**
(77 S. E. (2d) 803)

*Messrs. Leatherwood, Walker, Todd & Mann,* of Greenville, *for Appellants,*

Messrs. *Bowen & Stone,* of Greenville, *for Respondent,*

September 28, 1953.

STUKES, Justice.

This is an action for damages for the pain and suffering of plaintiff's intestate. It is alleged in the complaint that he was fatally injured in a highway accident in the Town of Westminster, in this State, on September 16, 1952. Other allegations are to the effect that the appellant Seymore was engaged in public transportation of property and the appellant Insurance Company had posted with the Public Service Commission the required bond or insurance policy of indemnity for liability for personal injuries and death. Negligence, in stated particulars, is alleged; but the complaint contains no allegations of recklessness, wantonness or wilfulness in the operation of the vehicle.

The appeal revolves around the allegation of the complaint that plaintiff's intestate, who was a fifteen-year-old-boy, was, quoting from the complaint, "prevailed upon (by appellant's agent and truck driver) * * * to go with him on a trip to Atlanta, Georgia, and Nashville, Tennessee, * * *." It was upon the return trip that the fatal accident occurred.

Appellants demurred upon the grounds that it appeared from the above quoted allegation of the complaint that decedent was a non-paying guest and there are no allegations

that the accident was intentional or caused by the driver's heedlessness or recklessness, and therefore the facts come within the motor vehicle guest statute and there is no liability. Section 46-801, Code of 1952. The following former decisions relate to it: *Fulghum v. Bleakley,* 177 S. C. 286, 181 S. E. 30; *Ralls v. Saleeby,* 178 S. C. 431, 182 S. E. 750; *Spurlin v. Colprovia Products Co.,* 185 S. C. 449, 194 S. E. 332; *Cummings v. Tweed,* 195 S. C. 173, 10 S. E. (2d) 322; *Peak v. Fripp,* 195 S. C. 324, 11 S. E. (2d) 383; *Shockley v. Cox Circus Company, Inc.,* 204 S. C. 353, 29 S. E. (2d) 491; and *Oswald v. Weiner,* 218 S. C. 206, 62 S. E. (2d) 311.

The demurrer was overruled upon the conclusion of the court that, while the complaint is vague and uncertain with respect to the status or capacity of plaintiff's intestate, the demurrer was not timely; but defendants (now appellants) were expressly granted leave to file, quoting from the order, "any motion or defensive pleading they should deem advisable." Thereupon appellants moved for an order requiring that the complaint be made more definite and certain by additional allegations whereby it should be shown whether plaintiff's intestate was "prevailed upon" to ride the truck as an invited and non-paying guest, or as a paying passenger, or as an employee of the appellant. The motion was denied upon the cited authority of *Lawson v. Duncan,* 173 S. C. 34, 174 S. E. 495. However, we do not think that case is controlling; in it the complaint alleged recklessness, wilfulness and wantonness, and the appeal was concerned with whether the evidence warranted the submission of that issue to the jury.

This appeal followed and is from the order overruling the demurrer to the complaint and from the subsequent order which denied appellants' motion that the complaint be made more definite and certain. Respondent filed an additional ground to sustain the last stated order, that the facts sought to be required to be alleged are as much within the knowledge of the appellants as of the plaintiff-respondent. No

question is raised as to the appealability of the order at this stage.

It is asserted in both briefs that the driver of the truck was also killed in the accident, which effectively answers respondent's additional sustaining ground and distinguishes the case from *Spurlin v. Colprovia Products Co., supra;* in that case the degree of negligence was also alleged which brought it within the guest statute. In the present unfortunate circumstances and on the record, it appears that the source of information upon the point at issue of one litigant is no better than that of the other. It is manifest, on the present allegations, that appellants are entitled to know from respondent's complaint whether it is contended that the decedent was a non-paying guest upon the vehicle at the time of his injury and therefore came within the terms of the statute which has been cited. If he was, the complaint is demurrable for lack of allegations of conduct of the driver in keeping with the requirements of the statute. See the several authorities cited supra.

The statute concludes with an exceptive provision which makes it inapplicable to a public carrier, which the context fairly shows to be a carrier of passengers, and the complaint here contains the express allegation that appellant was, quoting from the complaint, "engaged in the public transfer and hauling business," which negatives the idea that appellant was engaged in business as a public carrier of passengers. Thus the exceptive provision of the statute is not applicable to the facts alleged in the complaint.

It was error to deny the motion to require that the complaint be made more definite and certain by amendment to show in what capacity decedent was riding upon the truck at the time of the accident, whether as a fare-paying passenger, non-paying guest or an employee of appellant, and the pertinent order of the lower court is reversed with leave to respondent to serve an amended, conforming complaint within twenty days after remittitur filed; after which appellants will have the usual time to demur or otherwise plead thereto.

In view of sustention of the appeal from the order refusing motion to make the complaint more definite and certain, it is now unnecessary to further consider appellants' demurrer to the complaint and the order overruling it, from which they also appealed. Their right to interpose demurrer to the amended complaint will not be prejudiced hereby. Indeed, the result of this judgment is the same as if the demurrer had been sustained, with leave to respondent to serve an amended complaint, which she is now required to do.

Reversed.

BAKER, C. J., and FISHBURNE, TAYLOR and OXNER, JJ., concur.