This is a lease tax case.
The Circuit Court of Jefferson County, after a hearing oretenus, set aside a final assessment of taxes made by the State against the taxpayers. The taxes had been assessed pursuant to the provisions of Tit. 51, § 629 (21), et seq., Code of Alabama, Alabama's lease tax statute. From this action by the circuit court, the State appeals.
The dispositive issue is whether, in this instance, the furnishing of cranes with operators is a lease or rental of tangible personal property within the meaning of Alabama's lease tax statute. We answer in the negative and affirm.
At the outset, we note that the taxpayers make reference concerning this court's jurisdiction regarding the instant appeal. Suffice it to say this court has jurisdiction. Tit. 13, § 111 (3), Code of Alabama (1973 Cum.Supp.), provides in pertinent part that the Court of Civil Appeals has exclusive appellate jurisdiction of ". . all appeals from administrative agencies. . . ."
Viewing the evidence as revealed by the record with the attendant presumption accorded the trial court's action, we find the following:
The taxpayers are in the business of renting large cranes to the construction industry. Their cranes are furnished with or without operators, depending upon the request. It is agreed by all parties that those cranes furnished without operators are subject to the lease tax.
The evidence is without dispute that the operators are the employees of the taxpayers and that all fuel, maintenance, repair, etc., on the cranes are performed at all times by the taxpayers. There is testimony that for safety reasons and otherwise, the operator of the crane determines where and how the crane is to operate. In addition, the evidence shows that the taxpayers were responsible for security of the cranes. Taxpayers may substitute cranes. There is further evidence that the operator (taxpayer's employee) was in physical control of the crane at all times and that the manner in which the particular job was to be accomplished was discussed with the contractor ("lessee").
Additionally, there was specific testimony from a witness that the contractor maintained control over the job and the operator maintained control over the crane; that the operation was a team effort. Further testimony was to the effect that the only function the contractor performed over the operation of the crane and its operator was an *Page 1373 
overall coordination of the job, much like a general contractor would coordinate subcontractors. The taxpayers are paid by the contractor in some instances on an hourly rate and in other instances by a fixed fee.
With the above before it, the trial court's decree found in pertinent part as follows:
 "Taxpayers contend that, under this factual situation, there is no lease tax due because there was no `leasing or rental' of the subject equipment under the allegedly applicable statute (Act 96, Special Session 1971) (1971 General Acts, Vol. I, Page 166.) Thereunder, the levy is made:
 `At the rate of 4% of the gross proceeds derived by the lessor from the lease or rental of tangible personal property'.
 Further, the term `leasing or rental' is defined by Section 1 (e) of the act as follows:
 `The term "leasing or rental" means and includes a transaction whereunder the person who owns, or controls the possession of, tangible personal property permits another person to have the possession or use thereof for a consideration and for the duration of a definite or indefinite period of time, without transfer of the title to such property'.
 "From the above it may readily be seen that the crucial, decisive question is that of whether the subject arrangement constitutes a `leasing or rental' within the Act. Also, basically, the solution to this question revolves around the words `possession or use' as they appear in the Act.
 "This Court holds that it is fundamental to common sense that before a person can exercise `possession or use' of property he must have control thereof and the power to exercise dominion over it. There has never been any relinquishment of dominion and complete control over the subject property by the owners. Conversely, the owners have strictly avoided any semblance of relinquishment.
 "Briefly, the arrangement constitutes a contract for the performance of a particular job or jobs and is not a `lease or rental'."
As noted earlier, the State has appealed to this court from the trial court's action.
As shown by the trial court's decree, Tit. 51, § 629 (22), Code of Alabama (1973 Cum. Pocket Part), levies a lease tax on proceeds derived from the lease or rental of tangible personal property. Leasing or rental is defined as:
 "[A] transaction whereunder the person who owns, or controls the possession of, tangible personal property permits another person to have the possession or use thereof for a consideration and for the duration of a definite or indefinite period of time, . . ." (Tit. 51, § 629 (21)(e), Code of Alabama (1973 Cum.Pocket Part)
Taxpayers, in an excellent brief, cite cases wherein transactions markedly similar to those between taxpayers and contractor/lessee herein have been held not to constitute a rental or lease. Rice Bros., Inc. v. Glens Falls Indemnity Co.,121 Cal.App.2d 206, 263 P.2d 39 (1953); Insurance Company ofNorth America v. Northwestern National Insurance Company,371 F. Supp. 550 (D.C.Mich. 1973), affirmed 494 F.2d 1192 (6th Cir. 1974). See also Entremont v. Whitsell, 13 Cal.2d 290,89 P.2d 392 (1939); Roadbuilder's Hauling Co. v. Constitution IndemnityCo. 165 S.C. 363, 163 S.E. 837 (1932).
The basis of the decisions in Rice Bros., Inc. and InsuranceCompany of North America, supra, may be summarized as follows. The principal characteristic of a rental or lease is the giving up of possession to the lessee so that he, as opposed to the lessor/owner, exercises control over and uses the leased or rented property. The facts of these cases revealed insufficient relinquishment of control over the equipment by the "lessor" to sustain a finding that the lessee was in possession of the equipment. Hence, there was no lease or rental.
As previously stated, the circumstances herein place this case within the holdings of Rice Bros., Inc. and InsuranceCompany of North America, supra. However, *Page 1374 
the State would distinguish these cases on the grounds that there was no statutory definition of lease or rental. Here, the State contends, a lease or rental is statutorily defined as a transaction not only where the owner allows another to have "possession" of tangible personal property, but also where the owner permits another the "use" of tangible personal property for consideration. In other words, since the statute declares that a lease or rental is a transaction whereby the owner permits another to have "possession or use" of the property, either one — "possession" or "use" — is sufficient to bring the transaction within the statute. Both possession and use are not required. The term "use" is a broader term than possession and, in this instance, the State concludes the lease tax was properly applied. This contention is without merit.
A statute is to be construed so as to effectuate the intent of the legislature. League of Women Voters v. Renfro, 292 Ala. 128, 290 So.2d 167 (1974). In ascertaining the legislative intent, courts may construe the disjunctive conjunction "or" and the conjunctive conjunction "and" interchangeably. In reOpinion of the Justices, 252 Ala. 194, 41 So.2d 559 (1949). Additionally, taxing statutes are to be construed against the taxing power and in favor of the taxpayer. State v.International Paper Company, 276 Ala. 448, 163 So.2d 607
(1964). Interpreting Tit. 51, § 629 (21) et seq. with due regard to the above principles compels a conclusion by this court that the legislature did not seek to expand the meaning of lease or rental beyond that normally ascribed to such terms. Hence, the transaction in question fails to fall within the levy of § 629 (21) et seq.
Furthermore, even if we accepted the State's proposition with regard to the expanded interpretation of the statute, the ultimate result herein would remain unchanged, for the essence of the arrangement in question is not that of a lease. Rather, it is an agreement whereby one party has agreed to perform a particular task or tasks for another. It is a contract under which the taxpayers are obligated to perform services for a certain number of hours or until the completion of a given job. The contractor/lessee does not even specify which crane is to be utilized when he requests a crane with an operator. That decision remains within the sound discretion of the taxpayers. Granted, the contractor/lessee derives a benefit from the completion of the tasks by the crane. However, it is the taxpayers, not the contractor/lessee, who "use" the cranes. The substance of taxpayers' contracts with the contractor/lessee are agreements to provide services for the contractor. Hence, in this instance, this court cannot accept the State's contention that such transactions are subject to the lease tax levied by Tit. 51, § 629 (21) et seq., Code of Alabama (1973 Cum.Pocket Part).
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.