This is an action under the Alabama Surface Mining Reclamation Act of 1975.
The Alabama Surface Mining Reclamation Commission (the Commission) found defendants in violation of the Surface Mining Reclamation Act of 1975 and assessed a penalty of $5,000 for mining coal without a license. The defendants successfully appealed to the Circuit Court of Jefferson County and the Commission in turn appealed the circuit court's decision to this court. See Alabama Surface Mining Reclamation Comm. v.Jolly, Ala.Civ.App., 362 So.2d 919 (1978). After remand, and a second hearing, the trial court vacated the original judgment but again entered judgment for defendants. The Commission appeals.
The dispositive issue on appeal is whether the trial court erred in determining that the substance of the verified complaint filed with the Commission was insufficient to invoke the jurisdiction of the Commission. We find it did not and affirm.
The record reveals the following: On March 9, 1977, two inspectors of the Commission were present at a site in Jefferson County where they suspected a surface coal mine was being operated without a permit.
On March 10, 1977, these inspectors filed a "complaint investigation" with the Commission. The substance of the sworn complaint reads as follows:
 (1) Hayes and McKibbon measured an apparent coal surface mine in about the NW 1/4 of NE 1/4, Section 23, Township 14 South, Range 3 West, Jefferson County having a disturbed surface area comprising 32,940 square feet. *Page 857 
 (2) A front-end loader being operated by Earnest William Hodge, Route 1, Hayden, Alabama was observed in the area in the process of backfilling the area where a reported thirty (30) loads of coal were hauled from beginning Friday, March 4, 1977. A coal face was observed in the west side of the pit nearest the Warrior Road.
 (3) Mr. Clyde Slatton, father-in-law of Mr. Hodge was present. He said that if "they" meaning Hodge and another crewman, continued working the O.D. Jolly mine, that they would have to obtain financial assistance and/or work under another's permit and license.
 (4) Mr. Gloy Crane, phone 647-7628, reported thirty (30) loads of coal (trailer loads est. at thirty (30) tons each) were removed beginning 3/4/77 and ending Monday 3/7/77.
 (5) Mr. O.D. Jolly was present but no definite information on tonnage and market for coal hauled from pit was obtained.
Upon receipt by the Commission of the above noted complaint, the Commission issued a cease and desist order and an order citing defendants with mining without a permit. The Commission subsequently fined the defendants $5,000 for the alleged violation.
After an ore tenus hearing, the circuit court held that the investigators' complaint was "so totally lacking in any meaningful specifics as to be void and ineffectual." Based upon this finding, the trial court held that the Commission's jurisdiction over the defendants failed to attach.
On appeal the Commission, in essence, contends that, pursuant to § 9-16-51 (a), Code of Ala. 1975, the substance of the verified complaint is legally sufficient. Specifically, the Commission maintains that a verified complaint need not be precise as to its facts and accusations but that it must merely set forth a modicum of information sufficient to raise a question as to whether the Commission should institute further proceedings under the circumstances. For the reasons set forth below, we are unable to agree with the Commission.
At the outset, we observe that the question presented on appeal mandates a construction of a statute which no court of this state has to date undertaken. Thus, we utilize the following well settled rules of statutory construction in interpreting this legislation:
It is the duty of the court to ascertain and give effect to the legislature's intent as expressed from the words of the statute. State v. Steel City Crane Rental, Inc., Ala.Civ.App.,345 So.2d 1371 (1977).
Courts should give a statute a reasonable construction as opposed to one which is repressive or inconvenient. League ofWomen Voters v. Renfro, 292 Ala. 128, 290 So.2d 167 (1974).
A statute must be considered in its entirety and every word in it should be made effectual where possible. Ala. State Bd.of Health ex rel. Baxley v. Chambers County, Ala.,335 So.2d 653 (1976).
Statutes in derogation of common law are strictly construed.Arnold v. State, Ala., 353 So.2d 524 (1977).
The statute in question in this case, § 9-16-51 (a), Code of Ala. 1975, provides in pertinent part:
 Whenever a verified complaint is filed with the commission alleging that any operator is in violation of this article or rules and regulations of the commission, the commission may cause to have issued and served upon the person alleged to be committing such violation a written notice. . . . Complaints
alleging a violation of the article or rules or regulations of the commission must, as a jurisdictional matter, be filed with the commission within 90 days of the event or events giving the rise to such complaint. (Emphasis supplied.)
It is clear to this court that, by reading the statute as a whole and giving effect to the language of the section in its entirety, the legislature intended the filing of a verified complaint with the Commission to be a jurisdictional matter without which the *Page 858 
Commission has no authority to institute proceedings. See,e.g., Chambers, supra.
It is further apparent that the legislature intended that two elements of a verified complaint must co-exist in order that jurisdiction attach: (1) The complaint must be timely filed within 90 days of the alleged violation and (2) the complaint must verify that an operator is in violation of the Act. Stated alternatively, the verified complaint must procedurally and substantially comport with the statutory requisites of § 9-16-51 (a) or jurisdiction is not created in the Commission.
With respect to the substantive content of a verified complaint, the plain meaning of the statute requires a sufficient factual allegation to support the conclusion that there has been a violation of the Act. In order to satisfy this statutory requisite, we are of the opinion that the complaint must contain a simple statement of the circumstances, occurrences and events in support of an allegation that there has been a violation of the Act, all of which is verified. Put another way, the verified complaint must disclose facts and allegations with sufficient definitiveness to put the Commission on notice that further proceedings are warranted under the circumstances. Furthermore, if such facts do not appear on the face of the complaint, the complaint is insufficient to invoke the jurisdiction of the Commission.
The construction which we place upon § 9-16-51 (a) is consistent with the legislature's intent. See, e.g., Steel CityCrane Rental, supra. That the legislature intended to elevate the substance of a § 9-16-51 (a) complaint beyond a "mish-mash" of facts totally lacking in any meaningful specifics with regard to a violation of the Act is evident from its statutory mandate that the complaint be verified.
In addition, we observe that the result which we reach is reasonable in that the complaint need not be a detailed, specific allegation of operative facts and legal conclusions, but merely a simple recitation of facts which support the charge that the Act has been violated. See, e.g., Renfro,supra.
With respect to the sufficiency of the instant verified complaint, there are no facts set forth that defendants were mining coal without a license. Specifically, there is no allegation that the Act was violated, much less a particular provision thereof, nor that the defendants were operators. From aught that appears on the complaint, and assuming defendants were engaged in mining operations, it would appear they had obtained a permit prior to commencing operations.
Given the total lack of a simple statement of the facts as they relate to an allegation that these defendants violated the Act, we find no error in the trial court's finding that the substance of the verified complaint failed to confer jurisdiction upon the Commission.
For the foregoing reasons, the case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.