15152

PEAK v. FRIPP

(11 S. E. (2d), 383)

March, 1940.

*Messrs. Douglas & Douglas,* for appellant,

*Messrs. Benet, Shand & McGowan* and *McDonald, Macaulay & McDonald,* for respondent,

November 1, 1940.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

On the night of October 7, 1938, appellant's intestate was riding as a guest in the automobile of respondent, driven by respondent's son, and while so riding received injuries from which he died on October 13, 1938.

An action was brought by appellant in his representative capacity under the "guest statute," Section 5908 of the Code of 1932, for the wrongful death of his intestate.

On a trial of the case, and at the conclusion of plaintiff-appellant's testimony, the presiding Judge granted respondent's motion for a nonsuit on the ground: "4. That plaintiff by the evidence has failed to establish his right to recover under the statute (Section 5908, S. C. Code 1932) controlling in an action of this kind, in that the evidence does not show that the death of plaintiff's intestate was caused by the intentional misconduct or the heedless or reckless disregard of the rights of others on the part of the operator of the automobile in which plaintiff's intestate was riding at the time of accident."

We are not concerned with the other grounds upon which the motion was bottomed. Therefore, the sole and concrete question before the Court is:

Did the evidence on behalf of appellant in the absence of any evidence on behalf of respondent, under the construction this Court has given the statute, require the submission of the case to the jury?

The pertinent portion of said section of the Code (§ 5908) is as follows: "No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such automobile, its owner or operator for injury, death or loss, in case of accident unless such accident shall have been intentional on the part of said owner or operator or caused by his heedlessness or his reckless disregard of the rights of others."

Quoting from *Cummings v. Tweed*, 10 S. E. (2d), 322, 325 (not yet reported in the S. C. Reports):

"This section was construed in the case of *Fulghum v. Bleakley*, 177 S. C., 286, 181 S. E., 30, 32, and it was there held that the purpose of the statute was to limit liability to a guest to a case where his injury was either due to an intentional act on the part of the owner of the car, or to reckless misconduct on his part, and hence that the statute should be construed as if to read 'heedless and his

reckless disregard of the rights of others,' instead of 'heedlessness or his reckless disregard of the rights of others.' In other words, the word 'or' in that portion of the statute should be construed as 'and', for the reason that the word 'heedlessness' was equivalent to negligence, and the obvious purpose of the statute was to impose liability only where there was something more than mere negligence. The Court says: 'Heedless in this connection means careless; it does not add to the significance or the characterization or the force of the act or conduct done in reckless disregard of the rights of others by the owner or operator. Act or conduct in reckless disregard of the rights of others is improper or wrongful conduct, and constitutes wanton misconduct, evincing a reckless indifference to consequences to the life, or limb, or health, or reputation or property rights of another.' "

As in the cases above referred to, there is no claim of intentional misconduct, and we need only inquire whether there was any testimony from which a reasonable inference could be drawn that the appellant's intestate suffered the injuries producing his death as a result of the heedless and reckless disregard of his rights by the driver of respondent's automobile.

In undertaking to prove his case, the appellant, with the exception of one witness who was not familiar with operating an automobile, relied upon circumstantial evidence, and as to such evidence, the trial Court, in granting the nonsuit, applied the law applicable to criminal cases, to wit, "those circumstances must not be explainable upon any other reasonable hypothesis." In the trial of civil actions, "every other reasonable conclusion need not be excluded; proof of circumstances warranting a given inference is sufficient in such cases." *Leek v. New South Express Lines,* 192 S. C., 527, 7 S. E. (2d), 459, 462.

The sole contention of appellant is that the automobile was being driven at a high and dangerous rate of speed,

and amounted to a heedless and reckless disregard for the rights of the deceased.

The automobile was being operated on a paved highway outside of the town limits of Ridgeway, in the nighttime, around a right curve and downgrade across a spur track railroad crossing. The only eyewitness was a Negro watchman at a lumber mill in the vicinity of the scene of the accident, which was not being operated, and who testified that the automobile made a noise when it passed over the spur track crossing the highway that it was traveling "real fast," faster than cars generally run or pass over the crossing and "it looked like it was going a little faster than the rest of them." However, he did not undertake to estimate the rate of speed at which the car was being driven.

There was testimony both pro and con that the railroad crossing was in good repair. The car left the concrete highway soon after passing over the crossing, and traveled entirely on the adjacent shoulder of the road on the right-hand side for a distance of 374 feet, the right-hand wheels leaving an imprint on the dirt shoulder from 6 to 8 inches deep, and the left-hand wheels traveling on the harder portion of the shoulder also leaving their imprint. It was not a newly constructed shoulder. Upon the car cutting back on to the pavement, it left gray paint signs on the concrete (the automobile was painted gray), traveling diagonally across the pavement 120 feet to the left-hand side of the road and across the left shoulder of the road to a point against the railroad embankment (the highway practically paralleled the main line of the railroad) where it came to a stop upright astraddle a narrow ditch, headed back in the opposite direction from which it had come.

In reciting the distances the automobile traveled on the right shoulder, and from the point where it re-entered the paved portion of the highway to the point it came to a stop, we have taken these from respondent's printed brief. There is considerable variance as to distances in the record. The

marks where the automobile hit the railroad embankment extended about nine feet up on same. The car was badly torn up, and the paint scraped from the fenders, the body and the top of the car, the latter being completely torn off. Appellant's intestate was found about nine feet behind the automobile in an unconscious condition. There is also testimony that the automobile, after entering upon the right-hand shoulder soon after passing over the spur track did not re-enter the concrete highway until it reached a point where a road led from the highway into the planing mill premises hereinbefore referred to, and that this was the point on the concrete highway where gray paint was first observed.

In *Leek v. New South Express Lines, supra,* it is stated: "The right to recover on circumstantial evidence for death resulting from another's negligence depends upon the reasonable and logical connection such proof establishes between the death and the negligent act alleged to have caused it. It is incumbent upon the plaintiff, in the absence of direct evidence, to show the existence of such circumstances as would justify the inference that the injury which caused the death was due to the wrongful act of the defendant, and not leave the question to mere speculation or conjecture. The facts and circumstances shown should be reckoned with in the light of ordinary experience and such conclusions deduced therefrom as common sense dictates," citing authorities.

While we have not herein related all of the pertinent testimony sufficient thereof is set forth to demonstrate that there were circumstances which taken in connection with the "eyewitness testimony" would justify an inference that the injury which caused the death of appellant's intestate was due to the high rate of speed at which respondent's automobile was being operated; and hence a matter upon which the jury should have been allowed to pass. It may be, that upon the next trial of this case, the testimony in behalf of respondent will entirely remove the

inference as to the reckless disregard of the intestate's rights created by the circumstantial evidence herein, but as the case now comes to this Court, we must hold that it was error to grant respondent's motion for a nonsuit.

Judgment reversed and case remanded for a new trial.

MR. CHIEF JUSTICE BONHAM, MESSRS. JUSTICES FISH-BURNE and STUKES and MR. ACTING ASSOCIATE JUSTICE L. D. LIDE concur.