NEALY RUSS v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 7 January, 1942.)

1. **Courts § 13—**

    In an action to recover for negligent injury inflicted in another state the rights and duties of the parties are governed by the *lex loci,* and matters of procedure by the *lex fori.*

2. **Railroads § 10—Evidence held to show contributory negligence as matter of law on part of plaintiff struck by train while sitting on crosstie.**

    Plaintiff's evidence tended to show that he sat on the end of a crosstie and fell asleep with his elbows on his knees and his head bent forward, and that he was struck and injured by defendants' train. The accident occurred in the State of Virginia. *Held:* There being nothing to indicate plaintiff's obliviousness or that he would not heed the warning of the train's approach, the engineer had the right to assume up to the moment of impact that plaintiff would use his faculties for his own protection and avoid injury, thus excluding the applicability of the doctrine of last clear chance, and establishing contributory negligence barring recovery as a matter of law, and nonsuit was properly granted, contributory negligence and the doctrine of last clear chance both being parts of the Virginia law.

APPEAL by plaintiff from *Hamilton, Special Judge,* at April Term, 1941, of BLADEN.

Civil action to recover for an alleged negligent injury.

The plaintiff is a resident of Bladen County and was employed at a logging camp near Suffolk, Va. On Saturday evening, 21 September, 1940, he went to Suffolk with another fellow, and after staying out all night they started back to camp on Sunday morning, walking down the railroad track of the defendant. Plaintiff testifies: "He (the other fellow) stopped by the side of the road a minute, and I stopped and sat

down on the end of a crosstie to wait (for him) and fell asleep." The plaintiff was facing away from the track, "with elbows on knees and head bent forward." Continuing, he says: "It was around nine-thirty or ten o'clock Sunday morning, a perfectly clear day. . . . The track was straight as far as I could see. I was sitting on the end of the track and the train was coming to my right. (Cross-examination.) I was about a mile and a half or two miles south of Suffolk, out in the country, when the accident happened. . . . I was sitting on the end of one of the crossties. . . . The next thing I knew I was in a hospital in Suffolk, where I stayed 17 days. . . .´ There was a good foot path along the side of the track. I had been along it before."

Elijah Rhodes testified that he was a passenger in the colored coach of the train that struck the plaintiff; that the whistle blew two or three times, "two or three minutes," prior to the time the train applied its brakes. "About the time the train was blowing I felt the train give a quick stop like it had thrown the brakes on. Then the train stopped quick. . . . The man was lying about the second car away from the engine on the right of way."

There was other evidence tending to show the extent of plaintiff's injury and his good character.

From judgment of nonsuit entered at the close of plaintiff's evidence, he appeals, assigning error.

*H. H. Clark and Edward B. Clark for plaintiff, appellant.*
*Thos. W. Davis and McLean & Stacy for defendant, appellee.*

STACY, C. J. The rights and duties of the parties are to be measured by the law of Virginia. *Harrison v. R. R.,* 168 N. C., 382, 84 S. E., 519. Matters of procedure are controlled by the law of the forum. *Wise v. Hollowell,* 205 N. C., 286, 171 S. E., 82. In other words, the *lex loci* furnishes the standard of conduct; the *lex fori* the method and manner of trial. *Clodfelter v. Wells,* 212 N. C., 823, 195 S. E., 11. The one is substantive; the other procedural. "The actionable quality of the defendant's conduct in inflicting injury upon the plaintiff must be determined by the law of the place where the injury was done. . . . The law of the forum governs as to matters affecting the remedy," etc. *Howard v. Howard,* 200 N. C., 574, 158 S. E., 101.

Contributory negligence and the doctrine of the "last clear chance" are both parts of the Virginia law. *Hawkins v. Brickhouse,* 172 Va., 1; *Barnes v. Ashworth,* 154 Va., 218.

The plaintiff's own evidence, under the law of the forum, makes out a clear case of contributory negligence, *Lemings v. R. R.,* 211 N. C., 499, 191 S. E., 39, excludes the applicability of the "last clear chance,"

*Reep v. R. R.,* 210 N. C., 285, 186 S. E., 318, and bars a recovery. It shows that the plaintiff was sitting on the end of a crosstie with his elbows on his knees and his head bent forward. Even if the engineer could or should have seen the plaintiff, there was nothing to indicate his obliviousness or that he would not heed the warning of the train's approach. *Redmon v. R. R.,* 195 N. C., 764, 143 S. E., 829. No doubt the engineer did see the plaintiff and assumed, as he had the right to do up to the very moment of the impact, that he would use his faculties for his own protection and leave the track in time to avoid injury. *Davis v. R. R.,* 187 N. C., 147, 120 S. E., 827.

It is contended that in Virginia, unlike the requirement here, the engineer was under no duty to keep a lookout for the plaintiff in the circumstances described by the record. *N. & W. Ry. v. Stegall's Admrs.,* 105 Va., 538. However this may be, in any event the judgment of nonsuit was correctly entered.

Affirmed.