MARY WATKINS BAIRD v. MARIA REID BAIRD AND MRS. C. A. BAIRD,
and
CAMPBELL A. BAIRD, JR., v. MARIA REID BAIRD AND MRS. C. A. BAIRD.

(Filed 15 December, 1943.)

**1. Courts § 12—**

Where an action for damages, resulting from an automobile accident, is tried in the courts of this State, based on alleged negligence occurring in another state, the standard of conduct of the parties must be measured by the *lex loci delicto*, in ascertaining the liability of defendants. The *lex fori* applies to procedure only.

**2. Automobiles § 23—**

The negligent conduct of the driver of an automobile, who is operating the car with the permission, if not at the request of the owner, who is present and has the legal right to control its operation, is imputable to the owner. The fact that the owner falls asleep and refrains from directing its operation does not change the owner's right or limit liability.

**3. Automobiles §§ 9a, 18g—**

The mere fact that the driver of an automobile goes to sleep, while driving, is a proper basis for an inference of negligence, sufficient to make out a *prima facie* case and to support a recovery for injuries sustained by another thereby, if no circumstances tending to excuse or justify his conduct are proven.

**4. Trial § 29b: Appeal and Error § 6b—**

An exception to the court's charge, that it failed to state in a plain and correct manner the evidence and law arising thereon as provided in C. S., 564, is a broadside exception and presents no question for decision.

APPEAL by defendants from *Bobbitt, J.,* at March Term, 1943, of GUILFORD. No error.

Civil actions for damages for personal injuries, consolidated for trial by consent.

The plaintiffs are the sister and brother of the defendant, Maria Reid Baird (the driver of the automobile at the time of the accident), and the daughter and son of the defendant, Mrs. C. A. Baird, the owner of the automobile.

On 15 August, 1941, plaintiff, Mary Watkins Baird, and defendants went from New York to East Orange, N. J., where they were joined by the plaintiff, Campbell A. Baird, Jr. There Mrs. Baird got her automobile, left in East Orange some days before, and invited plaintiffs and Maria Reid Baird to accompany her on an automobile trip to Niagara Falls, New York. They left East Orange late in the afternoon with the male plaintiff driving. He drove until one or two o'clock a.m., when

they stopped for "supper." After eating, the trip was resumed with the *feme* plaintiff at the wheel. A blister on her foot interfered with her operation of the machine. So, shortly after leaving Painted Post, the defendant, Maria Reid Baird, relieved her and drove (approximately 2½ hours) until the accident happened, about 5:30 a.m.

The automobile ran partly off the road and into a telephone pole with such force as to cause considerable damage to the automobile. Each plaintiff suffered certain personal injuries. The automobile left the road, a four-lane highway, at an angle, and when it stopped it was not entirely off the hard surface. At the time, the defendant, Mrs. Baird, asked Maria Reid Baird what happened, and she replied: "I guess I went to sleep," or "I went to sleep." Both plaintiffs were asleep in the car for some time prior to and at the time of the accident. Some twenty or thirty minutes before the accident plaintiff, Mary Watkins Baird, woke up and asked the driver if she was sleepy, and she said that she was not.

In each case issues were submitted to and answered by the jury in favor of plaintiff. From judgments on the verdicts defendants appealed.

*Smith, Wharton & Jordan for plaintiffs, appellees.*
*Sapp & Sapp for defendants, appellants.*

BARNHILL, J. The accident occurred in the State of New York. Hence, in ascertaining the liability of defendants, the standard of conduct of the parties must be measured by the law of that State. *Harrison v. R. R.,* 168 N. C., 382, 84 S. E., 519; *Hale v. Hale,* 219 N. C., 191, 13 S. E. (2d), 22; *Russ v. R. R.,* 220 N. C., 715, 18 S. E. (2d), 130. "The actionable quality of the defendant's conduct in inflicting injury upon the plaintiff must be determined by the law of the place where the injury was done." *Howard v. Howard,* 200 N. C., 574, 158 S. E., 101. The *lex fori* applies as to procedure only. *Clodfelter v. Wells,* 212 N. C., 823, 195 S. E., 11; *Howard v. Howard, supra.*

"Every owner of a motor vehicle . . . operated upon a public highway shall be liable and responsible for . . . injuries to person or property resulting from negligence in the operation of such motor vehicle . . . in the business of such owner or otherwise, by any person legally using or operating the same with the permission, express or implied, of such owner." Sec. 59, N. Y. Vehicle and Traffic Law, ch. 54, Laws 1929, sec. 59, ch. 71, Consol. Laws.

Maria Reid Baird was operating the automobile with the permission, if not at the request, of the owner. The owner, Mrs. Baird, was present and had the legal right to control its operation. The negligent conduct, if any, of the driver, was imputable to her. The mere fact that she chose to fall asleep in the rear seat and refrained from directing its operation

did not change her rights or limit her liability. *Gochee v. Wagner,* 257 N. Y., 344, 178 N. E., 553; *Cherwein v. Geiter,* 272 N. Y., 165, 5 N. E. (2d), 185.

It is true that the trip began in New Jersey, and the laws of New York have no extra-territorial application. Even so, the accident occurred in New York. So soon as the parties crossed the State line they proceeded under the law of that State.

If a driver of an automobile falls asleep while engaged in the operation of the car and as a result a wreck occurs, is he guilty of such negligence as will support a recovery for injuries sustained by a passenger? No New York decisions discussing or deciding this question have been called to our attention. We have discovered none. But in *Nelson v. Nygren,* 259 N. Y., 71, 181 N. E., 52, the passenger went to sleep and while he was sleeping the accident happened. Upon being sued the owner pleaded the contributory negligence of the passenger. It was held that the issue was properly submitted to the jury. In discussing the question the Court says:

"Who is to answer that question, the court or the jury? We believe it is for the jury to determine. The question of contributory negligence ordinarily is a question of fact. It is only when there is no dispute upon the facts and only one conclusion to be drawn therefrom that it may be decided as a question of law. To decide as a matter of law that if a guest, under circumstances like those in this case, should go to sleep in an automobile, he would be guilty of contributory negligence, would be to disregard realities and situations growing out of modern conditions."

Whatever duty may rest upon a passenger, the duty to keep a careful lookout and to exercise ordinary care in the operation of an automobile rests primarily upon the driver. Ordinarily, one cannot go to sleep while driving an automobile without having relaxed the vigilance which the law requires, and it lies within his own control to keep awake or to cease from driving, and so the mere fact of his going to sleep while driving is a proper basis for an inference of negligence sufficient to make out a *prima facie* case against him for injuries sustained by another while so driving and sufficient for a recovery if no circumstances tending to excuse or justify his conduct are proven. 1 Blashfield Auto. L. & P., p. 466. Usually he has the choice either to keep awake or to cease driving. Whether he is actually negligent in the particular case is usually a question of fact for the jury. 4 Blashfield Auto. L. & P., p. 158.

The approach of sleep, "tired nature's sweet restorer," is usually indicated by certain premonitory symptoms, and does not come upon one unheralded. His negligence, if any, lies in the fact that he does not heed

the indications of its approach or the circumstances which are likely to bring it about.  1 Blashfield Auto. L. & P., 466.

Presumably the driver had been awake since the morning of the preceding day.  She had been traveling almost continuously, mostly during the night, for about twelve hours.  She had been driving 2½ hours during the early morning.  There was reason for her to anticipate a state of drowsiness and the resulting lack of alertness.  She admitted that she fell asleep while driving.

If, as against a passenger, such circumstances are sufficient to make out a *prima facie* case on the issue of contributory negligence, *Nelson v. Nygren, supra, a fortiori,* they constitute evidence of negligence on the part of·the driver.   Hence, the issue of negligence as well as the issue of contributory negligence·was properly submitted to the jury.

The court instructed the jury "that the mere fact that the defendant, Maria Reid Baird, went to sleep and lost control of the car, if you find this to be the facts, would not in itself and standing alone make her guilty of negligence."   It then charged as follows:

"If the plaintiffs have satisfied you from the evidence and by its greater weight that the defendant, Maria Reid Baird, drove the automobile and went to sleep while driving, and that prior thereto she had driven it under circumstances when she knew or in the exercise of due care should have known that she had become sleepy and drowsy; and if the plaintiffs have further satisfied you from the evidence and by its greater weight that in so doing the defendant, Maria Reid Baird, failed to exercise due care to keep a proper lookout and failed to exercise due care to keep the automobile under proper control, the Court instructs you that such conduct on the part of Maria Reid Baird would constitute negligence.   And if the plaintiffs have further satisfied you from the evidence and by its greater weight that such negligence on the part of the defendant, Maria Reid Baird, caused the automobile to leave the highway and strike a telephone pole and was the proximate cause or one of the proximate causes of the injuries to the plaintiffs, the Court instructs you that it would be your duty to answer the first issue in each case YES."

This, we apprehend, is a correct statement of the New York rule. Exception thereto cannot be sustained.

The defendants except "for that his Honor, in charging the jury, did not state in a plain and correct manner the evidence given in the case and declare and explain the law arising thereon, as provided by Consolidated Statutes, Section 564."   This is a broadside exception and is too general and indefinite to present any question for decision. *S. v. Dilliard, ante,* 446, and cases cited.

We have examined the other exceptive assignments of error. In them we find no cause for disturbing the verdicts and judgments.

As heretofore stated, this decision is bottomed on our understanding of the pertinent New York law. It becomes a precedent on that question, but not on the law of negligence in this State.

No error.