Three separate civil actions to recover damages resulting from an automobile wreck, consolidated for trial by consent.
On 22 October, 1943, plaintiff Clara C. Harper was the owner of a Pontiac automobile. On that day she and her husband and plaintiffs Phil S. Wickham and Mrs. Wickham started on a trip from the Harper home, near High Point, to Augusta, Ga., on Mrs. Harper's automobile. They spent the night in Augusta. The next day, about 5:00 p.m., after defendant had transacted some business, they started on the return trip. When about seventeen miles out of Augusta, just across the South Carolina line, the car began to pull over from the right to the left side of the road and ran off the road, fell over some tree tops down a thirty-foot embankment into a tree. When the car began to swerve to the left, Mrs. Harper, who was sitting on the rear seat, began to scream, but apparently the driver "paid no attention to her." Each plaintiff received personal injuries. Those sustained by Mrs. Harper, being more *Page 262 
serious than the others, resulted in pneumonia and left her permanently injured. Her car was also practically demolished.
The defendant Harper was operating the car both going to and returning from Augusta. Mrs. Harper testified that defendant's automobile was out of repair; that at his request she loaned him her car to make a business trip to Augusta; and that later, at his suggestion and invitation, she consented to go along as his companion and guest. He also invited Mr. and Mrs. Wickham to accompany him.
Some time after the wreck, defendant stated that he was very sleepy and dozed off shortly before the wreck; that he realized it was a very dangerous thing for him to keep on driving; that he felt nauseated; that he tried to shake it off but he went on anyway and again fell asleep; that he woke up hearing Mrs. Harper scream but by that time the car was going over the top of the trees and that he did not shake off his drowsiness enough to do anything about it; that he felt drowsy and sleepy.
Plaintiffs base their cause of action on the allegation that defendant was operating the automobile without keeping a proper lookout. They allege his conduct was in heedless and reckless disregard of the rights of plaintiffs.
Defendant denies negligence and alleges that if he was negligent in any respect his negligence was imputable to Mrs. Harper, the owner of the automobile, who was present, possessing the right to direct and control the operation of the automobile, and that in any event she is not entitled to recover.
Separate issues in each case were submitted to and answered by the jury in favor of plaintiffs. From judgments thereon defendant appealed.
There are only two exceptions in the record which require discussion: (1) Did the court err in denying the defendant's motion to dismiss as in case of nonsuit, and (2) was there error in the court's charge on the second issue in the case of Harper v. Harper?
The accident occurred in the State of South Carolina. "Hence, in ascertaining the liability of defendants, the standard of conduct of the parties must be measured by the law of that State. Harrison v. R. R.,168 N.C. 382, 84 S.E. 519; Hale v. Hale, 219 N.C. 191,13 S.E.2d 221; Russ v. R. R., 220 N.C. 715, 18 S.E.2d 130. `The actionable quality of the defendant's conduct in inflicting injury upon the plaintiff must be determined by the law of the place where the injury was done.' *Page 263 Howard v. Howard, 200 N.C. 574, 158 S.E. 101." Baird v. Baird,223 N.C. 730.
The South Carolina statute denies a right of action by a guest passenger on an automobile against the owner or operator "for injury, death or loss, in case of accident unless such accident shall have been intentional on the part of said owner or operator or caused by his heedlessness or his reckless disregard of the rights of others." S.C. Code, sec. 5908 (1).
The language of the statute indicates an intention to limit such liability to two classes of cases: First, when the accident was caused by intentional misconduct; and, second, when it was caused by a heedless or reckless disregard to the rights of others, meaning thereby something more than the mere failure to exercise the care of a reasonably prudent man, which is the familiar definition of negligence. Fulghum v. Bleakley, 177 S.C. 286, 181 S.E. 30; Cummings v. Tweed, 195 S.E. 173,10 S.E.2d 322.
In applying the statute the phrase "caused by his heedlessness or his reckless disregard of the rights of others" must be construed to read "caused by his heedless and his reckless disregard of the rights of others." Fulghum v. Bleakley, supra; Cummings v. Tweed, supra; Peak v.Fripp, 195 S.E. 324, 11 S.E.2d 383.
"Heedless" in this connection means careless. It does not add to the significance or the characterization or the force of the act or conduct done in reckless disregard of the rights of others by the owner or operator. Act or conduct in reckless disregard of the rights of others is improper or wrongful conduct, and constitutes wanton misconduct, evincing a reckless indifference to the life or limb or health or reputation or property rights of another. Fulghum v. Bleakley, supra; Cummings v. Tweed,supra; Pardue v. Pardue, 166 S.E. 101; Peak v. Fripp, supra; Spurlin v.Colprovia Products Co., 185 S.C. 449, 194 S.E. 332; Proctor v. SouthernRy. Co., 39 S.E. 351; Gosa v. Southern Ry., 45 S.E. 810; Cole v. BlueRidge Ry. Co., 55 S.E. 126; Siesseger v. Puth, 239 N.W. 46.
Evidence of a conscious failure to perform a positive duty or to observe a statutory requirement — a conscious failure to do a thing that is incumbent upon one to do or the doing of a thing intentionally that one ought not to do — is sufficient to warrant a reasonable inference of recklessness, willfulness, or wantonness, and, therefore, sufficient to carry that issue to the jury. Lumpkin v. Mankin, 134 S.E. 503 (S.C.);Ford v. R. R. Co., 168 S.E. 143 (S.C.); Ralls v. Saleeby, 182 S.E. 750
(S.C.).
If any testimony is introduced touching or supporting allegations as to the defendant's failure to keep a proper lookout or have proper control, *Page 264 
it would ordinarily be a question for the jury whether such conduct constituted a reckless disregard of the rights of the passengers. Spurlinv. Colprovia Products Co., supra; Cummings v. Tweed, supra; Callison v. Ry.Co., 106 S.C. 123, 90 S.E. 260.
So then the South Carolina guest statute, as interpreted by the Supreme Court of that State, comes to this: If the negligent failure to exercise due care was the result to mere inadvertence or casual inattention, it is simple negligence and a guest passenger may not recover. On the other hand, if there was a conscious failure to be careful for the safety of others or to observe the rules of the road, then an inference of recklessness is permissible. And, when there is testimony tending to show that defendant failed to keep a proper lookout or to observe the positive commands of the traffic statute, it is for the jury to say, under all circumstances, whether such conduct evidences a heedless and reckless disregard of the rights of others.
It is the duty of a motorist, while operating his automobile, to keep a proper lookout an to keep his car under proper control. There is evidence tending to show that defendant admits that he failed to do so. He attributes his inattention to drowsiness followed by complete unconsciousness. In any event, on this record, he either failed to keep a proper lookout and to give due attention to the manner of operation or, looking where he was going, he intentionally swerved his car to the left and drove his automobile down a thirty-foot embankment. His conduct can be explained only on the postulate or the other. It is more charitable to assume that his act was not deliberate.
Even so, he knew he was drowsy. He had fallen asleep once before. Sleep, "tired nature's sweet restorer," is usually indicated by certain premonitory symptoms and does not come upon one unheralded. These premonitory symptoms were present on this occasion. If defendant disregarded these warnings and instead, knowing that he was in no condition to exercise that degree of alertness and care in keeping the lookout required of a motorist, continued to operate the automobile, then the inference that his conduct was not mere inadvertence but amounted to a conscious failure to be careful of the safety of others is permissible. The nature and quality of his act, whether an inadvertence or a conscious failure to perform a positive duty, was for the jury to decide.
Decisions in other jurisdictions are to like effect. Ryan v. Scanlon,168 A. 17 (Conn.); Blood v. Adams, 169 N.E. 412 (Mass.); Manser v.Eder, 248 N.W. 563 (Mich.); Marks v. Marks, 31 N.E.2d 399 (Ill.);Rice-Stix Drygoods Co. v. Self, 101 S.W.2d 132 (Tenn.); Perkins v.Roberts, 262 N.W. 305 (Mich.); Wismer v. Marx, 286 N.W. 149 (Mich.);Koufman v. Feinberg, 10 N.E.2d 91 (Mass.). *Page 265 
There is no variance between the allegation and proof. The plaintiff alleges:
"That the injuries to the plaintiff herein alleged were caused directly and proximately by the heedlessness and recklessness of the defendant in that he was driving the said Pontiac automobile without looking where he was going; that after the defendant had heedlessly and recklessly driven the car from his proper part of the highway, the defendant was warned by screams to change his course, but notwithstanding the said screams, and in a heedless and reckless disregard of the rights of the plaintiff, the defendant continued to drive said automobile heedlessly on the left and wrong side of the road and recklessly and in absolute disregard of the rights and safety of the plaintiff."
This the evidence tends to prove. That defendant's inattention and lack of due care was the result of drowsiness was for the jury to consider on the question of recklessness, but it does not change the essential nature of the cause of action thus alleged.
The second issues submitted to the jury in Harper v. Harper is as follows:
"2. Was the defendant at the time of the alleged injury acting as the agent and under the control and supervision of the plaintiff, Clara C. Harper, as alleged in the Answer?"
On this issue the court instructed the jury as follows:
"Issue No. 2 in Harper against Harper will be answered NO by you under the instructions of the Court, the defendant, Harper, having offered no testimony upon his allegation that he was driving the automobile as his wife's agent and under her supervision and direction. In view of the fact that no evidence has been adduced, either from the plaintiff or from the defendant, in substantiation of his allegation relating to that issue, and the burden being upon him to satisfy you of his relations thereto by the greater weight of the evidence, the Court instructs you to answer Issue No. 2 in Harper against Harper, NO."
This instruction is prejudicial to defendant in two respects. Exception thereto must be sustained.
1. Plaintiff Harper predicates her cause of action on the allegation that she was a guest passenger riding on the automobile at the invitation of the defendant. This is denied by affirmative allegation in the answer.
She admits that she was the owner. Nothing else appearing, she had the right to become an occupant at any time without invitation, even though it was being used by defendant for his own benefit. Therefore, in view of her admission of ownership, to establish her relationship of invited guest at the time, it was essential for her to prove that there had *Page 266 
been a bailment under the terms of which she relinquished, for the time being, the incidents of ownership, and particularly the right to control.
For that purpose she testified that she had loaned the car to the defendant to be used by him on a business trip with the intent at the time that he should have exclusive control and management thereof while being so used. This testimony was in negation of her presumptive right to control and of the implied agency resulting from her presence at the time. Its credibility was for the jury. Inadvertently the court assumed that the fact of bailment and relinquishment of control had been fully proven, thus establishing her relationship to defendant as guest passenger.
2. Likewise the court inadvertently concluded as a matter of law that there was no evidence "adduced, either from the plaintiff or the defendant in substantiation" of the defendant's allegation relating to the second issue.
Defendant developed by examination of the plaintiff that she was the owner and was an occupant at the time of the accident. Nothing else appearing, his negligence is imputable to her and bars her right to recover. Thus he made out a prima facie case on the second issue.
The owner of an automobile has the right to control and direct its operation. So then when the owner is an occupant of an automobile being operated by another with his permission or at his request, nothing else appearing, the negligence of the driver is imputable to the owner. Beck v.Hooks. 218 N.C. 105, 10 S.E.2d 608; Baird v. Baird, supra; 4 Blashfield Cyc. L. P., 302, 303, 311; Crampton v. Ivie, 126 N.C. 894;Campbell v. R. R., 201 N.C. 102, 159 S.E. 327; Hinnant v. R. R.,202 N.C. 489, 163 S.E. 555; Nash v. R. R., 202 N.C. 30, 161 S.E. 857;Keller v. R. R., 205 N.C. 269, 171 S.E. 73; Harper v. R. R., 211 N.C. 398,190 S.E. 750; Dillon v. Winston-Salem, 221 N.C. 512,20 S.E.2d 845; Ballinger v. Thomas, 195 N.C. 517, 142 S.E. 761; Evans v.Johnson, ante, p. 238; Lucey v. Allen, 117 A. 539 (R. I.). Under some circumstances the doctrine applies even when the automobile has been loaned to the operator. Williamson v. Fitzgerald, 2 P.2d 201; 4 Blashfield Cyc. L. P., 303.
Strictly speaking, the person operating with the permission or at the request of the owner-occupant is not an agent or employee of the owner, but the relationship is such that the law of agency is applied.
Conversely, where the owner loans his car and relinquishes the right to direct the manner and method of its use, Gaffney v. Phelps, 207 N.C. 553,178 S.E. 355, or delivers it to another as bailee, Sink v. Sechrest,ante, p. 232, the negligence of the driver is not imputable to the owner.
In determining whether the doctrine applies, the test is this: Did the owner, under the circumstances disclosed, have the legal right to control the manner in which the automobile was being operated — was his *Page 267 
relation to its operation such that he would have been responsible to a third party for the negligence of the driver? 38 Am. Jur., 931. If the owner possessed the right to control, that he did not exercise it is immaterial. Baird v. Baird, supra.
It is true plaintiff, having admitted ownership and occupancy, went further in explanation and testified to facts which tend to show a bailment, giving the husband exclusive control and rebutting the presumption that she, as owner, had the right to control. Even so, the jury might, under the circumstances, reject this testimony. At least the defendant had the right to demand that it be submitted to them for their consideration under proper instructions from the court.
In Wickham v. Harper (two cases) we find no error. In Harper v. Harper
there was error in the charge which entitles the defendant to a new trial.
In Wickham v. Harper (two cases), No error.
In Harper v. Harper, New trial.